UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WALLACE BEST. | No. 3:20-CR-28-1 (VAB) |

**RULING AND ORDER ON MOTION FOR A *FRANKS* HEARING**

On July 28 and August 6, 2020, Wallace Best ("Defendant") moved this Court for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Def's Mot. for a Hr'g, ECF No. 134 (July 28, 2020) ("Def. Mot."); *see also* Def.'s Suppl. Mot. for a Hr'g, ECF No. 149 (Aug. 6, 2020) ("Suppl. Mot."). Through this motion, Mr. Best challenges the validity of his arrest on the basis that the affidavit used to obtain the arrest warrant contained deliberately or recklessly false or misleading information. *See* Def. Mot. at 2–3; Suppl. Mot. at 1–2.

On August 3, 2021, the Government filed its opposition to Mr. Best's motion. Gov't Omnibus Resp. to Defs.' Pretrial Mots., ECF No. 572 (Aug. 3, 2021) ("Opp'n").

For the following reasons, the motion for a *Franks* hearing is **DENIED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This case is part of a larger investigation and prosecution into a drug trafficking conspiracy allegedly operated by Frank Best in the North End neighborhood of Bridgeport, Connecticut. *See United States v. Best*, No. 20-CR-28 (VAB). The investigation has resulted in the indictment of twelve defendants, including Wallace Best. *Id.*

On February 11, 2020, Wallace Best was arrested, following the issuance of an arrest warrant on February 7, 2020. *See* Arrest Warrant, ECF No. 2 (Feb. 7, 2020).

On February 19, 2020, a grand jury returned an Indictment charging Wallace Best with Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(i) and (vi). *See* Indictment, ECF No. 13 (Feb. 19, 2020).

On June 18, 2020, Wallace Best appeared for an arraignment before Magistrate Judge Sarah A.L. Merriam. *See* Min. Entry, ECF No. 107 (June 18, 2020). He pled not guilty to the count charged in the Indictment. *Id.*

On October 5, 2020, a grand jury returned a Superseding Indictment charging Wallace Best with an additional count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Cocaine Base/Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. *See* Sealed Superseding Indictment, ECF No. 169 (Oct. 5, 2020); *see also* Sealed Second Superseding Indictment, ECF No. 372 (Mar. 15, 2021) (charging the same).

On May 11, 2021, Wallace Best again appeared for an arraignment before Magistrate Judge Merriam. *See* Min. Entry, ECF No. 446 (May 11, 2021). He pled not guilty as to all counts. *Id.*

Jury selection is scheduled to begin in this case on January 31, 2022, with trial to begin thereafter. *See* Notice of E-Filed Calendar, ECF No. 620 (Aug. 31, 2021).

**II.     DISCUSSION**

A "presumption of validity" attaches to an affidavit supporting an application for a search warrant. *Franks*, 438 U.S. at 171. In certain circumstances, however, "a defendant is entitled to a hearing to test the veracity of the affiant's statements." *United States v. Falso*, 544 F.3d 110, 125 (citing *Franks*, 438 U.S. at 171). If a defendant "makes a substantial preliminary showing" that an affidavit included "a false statement knowingly and intentionally, or with reckless disregard

for the truth,", and that "the allegedly false statement is necessary to the finding of probable cause," then "the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 154–56.

In *Franks*, the Supreme Court articulated the following standard for a "substantial preliminary showing":

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

438 U.S. at 171. "If all those requirements are met, and if setting aside the material that is the subject of the alleged falsity or reckless disregard, there remain[s] sufficient content in the warrant affidavit to support a finding of probable cause, then no hearing is required." *United States v. Gotti,* 771 F. Supp. 535, 539 (E.D.N.Y. 1991); *accord Franks,* 438 U.S. at 171–72.

Mr. Best challenges three statements in the affidavit as false, and further argues that, if the false statements are omitted, probable cause does not exist. *See* Def. Mot. at 1–3; Suppl. Mot. at 1–2. As to the first allegedly false statement, Mr. Best contends that "[t]he government will have to acknowledge based upon the recorded conversations made by the CS-1 under the direction of the DEA that both the DEA and the CS-1 knew at the time of the purchase of the kilogram of narcotics in San Diego, California on December 20, 2019 that . . . Jeffrey Thomas and Wallace Best were in Connecticut working." Def. Mot. at 2. Mr. Best also represents that "[t]he government will have to acknowledge that the DEA knew that there was never at any time during the course of the investigation surveillance of an 'in person' meeting between Best,

3

Thomas, Cox[,] and Zavala" and that "there are no audio and video recordings of an 'in-person' meeting between Best, Thomas, Cox[,] and Zavala". Suppl. Mot. at 1–2.

The Government responds, firstly, that the request for a *Franks* hearing "is inappropriate where there is no motion to suppress evidence pending before the Court". Opp'n at 15. The Government further argues that, even if the Court construed Mr. Best's requests as a motion to suppress, the Defendant has failed to meet the threshold for a *Franks* hearing where he has provided only conclusory allegations of falsehood in the affidavit, without accompanying affidavits or witnesses. *Id.* at 16–20.

The Court agrees.

In requesting a *Franks* hearing, a defendant is required to "point out specifically the portion of the warrant affidavit that is claimed to be false," furnishing sworn "[a]ffidavits" or "otherwise reliable statements of witnesses," if possible. *Franks*, 438 U.S. at 171. If sworn statements are not provided, then "their absence [must be] satisfactorily explained." *Id.* Here, Mr. Best has not substantiated his claims of the three allegedly false statements in the affidavit in any form, instead contending that "the government will have to acknowledge" the alleged falsehood of his allegations. Def. Mot. at 2; Suppl. Mot. at 1–2. "Such a general affirmation", however "is hardly capable of demonstrating proof of reliability; it is the type of conclusory attack explicitly prohibited by *Franks*." *United States v. Catino*, No. 3:12-CR-00117 (WWE), 2015 WL 6566004, at *2 (D. Conn. Oct. 30, 2015), *aff'd*, 729 F. App'x 41 (2d Cir. 2018).

Further, "[Mr. Best] [has] submitted no '[a]ffidavits or sworn or otherwise reliable statements of witnesses' specifically identifying the portions of the [warrant] affidavit[] that are claimed to be deliberately false or made with reckless disregard for the truth." *United States v.*

4

*Labate*, No. S100-CR-632 (WHP), 2001 WL 533714, at *19 (S.D.N.Y. May 18, 2001); *see also Catino*, 2015 WL 6566004, at *2 (citing the same).

Mr. Best seeks to explain this absence by relying on the Government's alleged knowledge that "Jeffrey Thomas and Wallace Best were in Connecticut working" at the time of the alleged drug transaction, Def. Mot. at 2, "that the DEA knew that there was never at any time during the course of the investigation surveillance of an 'in person' meeting between Best, Thomas, Cox[,] and Zavala", Suppl. Mot. at 1–2, and that "there are no audio and video recordings of an 'in-person' meeting between Best, Thomas, Cox and Zavala", *id.*

These conclusory statements, however, without further substantiation, do not satisfy the threshold requirement of *Franks*. *See Labate*, 2001 WL 533714, at *19 (denying motion for *Franks* hearing where "defendants seek to explain th[e] absence [of affidavits or otherwise reliable statements] by relying on the substance of the recorded conversations"); *see also Franks*, 438 U.S. at 171 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."). Mr. Best, therefore, has failed to satisfy the threshold requirement of a "substantial preliminary showing" under *Franks*. *Id.*

Accordingly, the Court declines the request for a *Franks* hearing at this time.

### III.  CONCLUSION

For the foregoing reasons, the motion for a *Franks* hearing is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of January, 2022.

                                                        /s/ Victor A. Bolden
                                                        Victor A. Bolden
                                                        United States District Judge