# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *Plaintiff*,<br><br>    v.<br><br>WALLACE BEST,<br>JEFFREY THOMAS,<br>JASON COX,<br>FRANK BEST, and<br>LAMONT JEFFERIES<br>    *Defendants*. | No. 3:20-cr-00028 (VAB) |

## POST-TRIAL JURY INSTRUCTIONS

**Table of Contents**

INTRODUCTION ................................................................................................................... 1
PART I: GENERAL INSTRUCTIONS ................................................................................ 4
    A.    Role of the Court ....................................................................................... 4
    B.    Instructions to Be Considered as a Whole ............................................. 4
    C.    All Parties Entitled to Full and Fair Hearing ...................................... 5
    D.    Sidebar Conferences ................................................................................ 6
    E.    Objections and Rulings ............................................................................ 7
    F.    Duties of the Jury .................................................................................... 8
    H.    Three Basic Rules in Criminal Cases ..................................................... 8
        1.    Presumption of Innocence ............................................................ 9
        2.    Burden of Proof ............................................................................. 9
        3.    Proof Beyond a Reasonable Doubt ............................................ 10
    I.    "Prove," "Find," and "Establish" ........................................................ 11
    J.    Forms of Evidence .................................................................................. 11
    K.    What Is Not Evidence ............................................................................ 12
    L.    Direct and Circumstantial Evidence .................................................... 13
    M.    "Inference" Defined ............................................................................... 14
    N.    Specific Investigation Techniques Not Required ................................. 15
    O.    Evaluating the Evidence ........................................................................ 15
    P.    Variance in Dates & Locations ............................................................. 17
    Q.    Stipulations ............................................................................................. 17
    R.    Acts and Declarations of Co-Conspirators ......................................... 17
    S.    Cooperating Witness Testimony ........................................................... 19
    T.    Admission of a Defendant ...................................................................... 20
    U.    Knowledge, Willfulness, Intent ............................................................. 20
    V.    Testimony of Law Enforcement Witnesses .......................................... 21
    W.    Uncontradicted Testimony .................................................................... 22
    X.    Defendants' Decision Not to Testify ..................................................... 22
    Y.    Persons Not on Trial .............................................................................. 23
    Z.    Expert Testimony ................................................................................... 23
    AA.    Impeachment of Witnesses .................................................................... 24
    BB.    Impeachment by Felony Conviction ..................................................... 24
    CC.    Impeachment by Prior Inconsistent Statement ................................... 25
    DD.    Voice Identification ................................................................................ 26
    EE.    Wiretaps, Recordings, and Transcripts of Recordings ..................... 26
    FF.    Charts and Summaries .......................................................................... 27
PART II: THE CHARGES ................................................................................................. 28
    A.    The Nature and Function of Charges .................................................. 28
    B.    COUNTS ONE AND TWO .................................................................. 29
        STATUTES DEFINING THE OFFENSES ........................................ 32
        PURPOSE OF THE STATUTE .......................................................... 33
        ELEMENTS OF THE OFFENSE ....................................................... 34

**FIRST ELEMENT – CONSPIRACY DEFINED** .............................. 35
**MULTIPLE CONSPIRACIES** ................................................. 36
**SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY** ............. 37
**QUANTITY** .............................................................. 40
**Buyer-Seller Exception** ................................................ 42
C.   **COUNTS THREE, FOUR, FIVE, SIX, AND SEVEN** ................... 44
**STATUTE DEFINING THE OFFENSE** .................................... 46
**PROOF OF NATURE OF THE CONTROLLED SUBSTANCE** ............ 47
**ELEMENTS OF THE OFFENSE** .......................................... 48
**FIRST ELEMENT – POSSESSION DEFINED** .......................... 49
**SECOND ELEMENT – KNOWLEDGE THAT THE DRUGS WERE
NARCOTICS** ............................................................. 51
**THIRD ELEMENT - INTENT TO DISTRIBUTE OR DISTRIBUTION** .... 53
**PART III: FINAL INSTRUCTIONS** ...................................... 55
A.   **Possible Punishment** ................................................. 55
B.   **Note Taking** .......................................................... 55
C.   **Unanimous Verdict** ................................................. 56
D.   **Additional Instructions** ............................................ 58

## **INTRODUCTION**

Members of the jury, you now have heard all of the evidence in the case. I now will instruct you concerning the law that applies in this case. After that, the parties will give you their final arguments, and after some additional instructions by me, you will return to the jury room to deliberate consistent with my instructions.

Before I give you these instructions, however, I want to thank you for the time and attention you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully and pay close attention. You have been provided with a copy of my instructions so that you can read along as we go.

My instructions will be delivered in three parts:

First, some instructions on general rules that define and control the role of the Court and the duty of the jury in a criminal case; Second, instructions that define the elements of the offenses charged in this case (that is, the elements that the United States of America (the "Government") must prove beyond a reasonable doubt in order to make its case); and Third, some rules and guidelines for your deliberations and some final instructions.

1

Before we begin, I ask you to review the document that each of you found at your seat when you entered a moment ago—namely, the Verdict Form. When we conclude these instructions and you have to deliberate, you will leave the copies you are now reviewing on your chairs. When deliberating, you will have your copies of the Jury Instructions and the original Verdict Forms, along with the exhibits admitted in this case and any personal notes that you may have taken. For the moment, your brief review of the Verdict Forms will help you to better understand my instructions and the tasks you will perform when you deliberate.

## PART I: GENERAL INSTRUCTIONS

### A.    Role of the Court

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the law that you are to apply to the facts in this case. I gave you some preliminary instructions before trial began, but it is now—at the close of evidence—that the final instructions governing your deliberations are given, so please be patient and listen closely. Everything I am going to tell you now is consistent with the preliminary instructions given at the start of the trial. But, if you have any doubt, you should not rely on anything different I may have said in the preliminary instructions. These instructions, the ones I am now giving right now, must guide your deliberations in this case.

It is your duty to take the law as I will give it to you and to apply it to the facts as you determine them. You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. Also, you must not substitute your own notions or opinions of what the law is or ought to be for what I tell you the law is in my instructions.

### B.    Instructions to Be Considered as a Whole

This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.

The order in which I give you instructions does not indicate their relative importance. Do not read into these instructions, or into anything I have said or done, any suggestion from me about what verdict you should return—that is a matter for you alone to decide.

I also should point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

**C.**     **All Parties Entitled to Full and Fair Hearing**

Regardless of your ultimate decision about the case, all parties in this case are entitled to a full and fair hearing. The parties are entitled to a trial free from prejudice or bias. It would be improper for you to consider, in reaching your decision, any personal feeling you may have about the race, religion, national origin, sex, or age of the defendants, any witness, or anyone else associated with this case. It would be equally improper for you to allow any feeling you might have about the nature of the crimes charged to interfere with your decision-making process. You must not be swayed by sympathy for, or prejudice against, any party. If you let your sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right. In deciding the facts or applying the law as I have given it to you, you must not be swayed by bias or prejudice for or against any party.

You are to perform the duty of finding the facts without bias or prejudice as to any party, and with an attitude of complete fairness and impartiality. The case is important to the Government, for the enforcement of criminal laws is a matter of concern to the community. But it

5

is equally important to Wallace Best, Jeffrey Thomas, Jason Cox, Frank Best, and Lamont Jefferies, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to the litigation. By the same token, it is entitled to no less consideration. All of the parties, whether the Government or Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies, stand equal before the law and are to be dealt with as equals in a court of justice. The question before you can never be: Will the Government win or lose the case? The Government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

You should be guided solely by a dispassionate consideration of the evidence presented during trial and the law that I give you, without regard to the consequences of your verdict. I know that you will do this and, in that way, reach a just and true verdict. You have been chosen to try the issues of fact and to reach an impartial verdict on the basis of the evidence or lack of evidence. Our justice system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, regardless of the final outcome of the case.

### D.     Sidebar Conferences

There have been occasions in this case when one of the attorneys asked to confer with the Court out of your hearing. In such situations you, the jury, should not feel slighted. You are not to speculate about what may have been discussed. Likewise, you should have no resentment towards the attorney who requested a sidebar conference. In the interests of justice and to expedite a trial, it is perfectly proper that conferences be held right here at this bench between counsel and the Court, because this avoids the inconvenience of having the jury file out and file back in again and prevents the jury from becoming confused on technical legal matters.

6

E.     **Objections and Rulings**

Our courts operate under an adversary system in which we believe that the truth will emerge through the competing presentations of adverse parties. It is the role of the attorneys to press as hard as they can for their respective positions. In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper. You should not show any prejudice against an attorney or his client because the attorney objected to the admission of evidence or the phrasing of a question or asked the Court to rule on an objection or the propriety of a question. The application of the rules of evidence is not always clear, and lawyers (and even judges) often disagree about what is permissible and what is not. It has been my job as the judge to resolve these disputes during the course of the trial.

It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other. You are not to concern yourselves with why a lawyer made an objection or why I ruled on it in the manner that I did. You should draw no inference from the fact that a lawyer objected to evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection. My rulings on objections have nothing to do with the merits of the case or with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have stricken an answer, you must disregard the part of the answer that was stricken, because it is not evidence.

A final word about the attorneys: during the course of a trial, one cannot help but recognize the various personalities and styles of the attorneys. However, it is important for you as jurors to

recognize that this is not a contest among attorneys. Whatever you may think about the conduct of the lawyers during this trial, you must remember that this dispute is about the parties, not the lawyers, and you must decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence. Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence and my instructions on the law that counts in this case.

### F.     Duties of the Jury

It is your duty to find the facts from all the evidence in the case. You must apply the law as I give it to you to the facts as you find them. You must follow the law as I give it to you, whether you agree with it or not. And you must do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices, or sympathies. In other words, you must decide the case solely on the evidence before you, which you must consider dispassionately, free of emotion. You will recall that you took an oath promising to do so at the beginning of the case. In your role as jurors, you are not to be concerned with the wisdom or the policy of any of the laws that Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies are charged with violating. If, in fact, a violation has occurred, the law should be enforced.  Your only responsibility is to determine whether the Government has proven beyond a reasonable doubt that Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies have violated the law as charged.

The verdict you reach must be unanimous—that is, agreed upon by each of you. You must each decide the case for yourself but do so only after impartial consideration of the evidence in the case with your fellow jurors.

### H.     Three Basic Rules in Criminal Cases

There are three basic rules in criminal trials:

8

1.      **Presumption of Innocence**

I instruct you that you must presume Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies to be innocent of the crimes charged. Thus, Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies, although accused of criminal conduct, begin the trial with a "clean slate," with no evidence against them and are presumed to be innocent of the charges against them. The fact that there are charges against them, as you already know, is not evidence of any kind. The presumption of innocence alone therefore is sufficient to acquit Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies.

The presumption of innocence was with Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies when the trial began, and it remains with them even as I speak to you now. I also instruct you that they shall be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied, after careful and impartial consideration of all the evidence in the case, that the Government has proven Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies to be guilty beyond a reasonable doubt.

2.      **Burden of Proof**

As a result of Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies's pleas of not guilty, the burden is on the Government to prove Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies's guilt beyond a reasonable doubt. This burden never shifts to Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies are not even obligated to produce any evidence by cross-examining the witnesses for the Government.

3.       **Proof Beyond a Reasonable Doubt**

I have said that the Government must prove Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies guilty beyond a reasonable doubt. The question naturally is: What is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason. It is a doubt that a reasonable person has after carefully weighing all the evidence. Proof beyond a reasonable doubt must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. On the other hand, a reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. Although the Government must prove guilt beyond a reasonable doubt, the Government is not required to prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The absence of evidence is a valid basis for reasonable doubt. The mosaic of evidence that composes the record before you includes both the evidence and the lack of evidence on material matters. An absence of evidence may provide the reasonable doubt upon which a jury decides to find a defendant not guilty. If, after fair and impartial consideration of all the evidence and lack of evidence against Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies, you have a reasonable doubt, it is your duty to find them not guilty. On the other hand, if after fair and impartial consideration of all the evidence against Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies, you are satisfied of their guilt beyond a reasonable doubt, you should vote to find them guilty.

## I.     **"Prove," "Find," and "Establish"**

Throughout the remainder of my instructions, I will use the word "prove" when talking about what the Government must do in order to establish the guilt of the defendants. My use of the word "prove" means "prove beyond a reasonable doubt," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts, you must find those facts to have been proven by the Government beyond a reasonable doubt, even if I simply use the word "find." Likewise, if I say that the Government must "establish" a fact, you must find that fact has been established by the Government beyond a reasonable doubt.

## J.     **Forms of Evidence**

The evidence, from which you are to decide what the facts are, comes in one of three forms: First, there is the sworn testimony of witnesses. Second, there are the exhibits that have been received into the trial record. The exhibits that have been admitted into evidence will be with you in the jury room. If an exhibit has been admitted into evidence, it is evidence that can be considered by you, regardless of whether any witness referred to the exhibit or testified about it during the trial. Exhibits which have been marked for identification may not be considered by you as evidence, unless and until they have been received in evidence by the Court. In addition, materials brought forth only to refresh a witness's recollection are not evidence unless specifically admitted into evidence.

The third form of evidence is any facts and testimony to which all the lawyers have agreed or stipulated, or that I have directed you to find. A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true. However, the fact that the Government and the defendants have stipulated to or agreed to certain facts and testimony should not be viewed by you as an admission of any criminal wrongdoing.

11

K.     **What Is Not Evidence**

Certain things are not evidence and are to be disregarded in deciding what the facts are:

Arguments or statements by lawyers are not evidence.

The questions to the witnesses are not evidence. I instructed you earlier that my questions and comments are not evidence. They may be considered only to give meaning to the witnesses' answers. In short, questions are not evidence; answers are.

Objections to questions and arguments are not evidence. As I mentioned, attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is "sustained," ignore the question; if it is "overruled," treat the answer like any other answer.

Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded. In addition, some testimony and exhibits have been received only for a limited purpose. Exhibits marked for identification but not admitted as evidence may not be considered as evidence. Of course, where I have given any limiting instruction about evidence that you heard or saw, you must follow it.

Anything you may have seen or heard outside of this courtroom is not evidence. I remind you that you must completely disregard any media reports on this matter or any seemingly related matter. Indeed, it would be unfair to consider anything other than what has been presented in this courtroom, since it is not evidence and the parties have not had an opportunity to challenge its accuracy or otherwise explain them. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by anything done or said outside of this courtroom.

L.      **Direct and Circumstantial Evidence**

I have already told you about the three forms in which evidence comes: testimony, exhibits, and stipulations. There are also two kinds of evidence: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. For example, if you see water on the street outside your window, you can infer that it has rained. In other words, the fact of rain is an inference that could be drawn from circumstantial evidence, the presence of water on the street. Direct evidence of rain, on the other hand, would be an actual observation of raindrops coming down from the sky.

The law makes no distinction between the weight to be given to direct or circumstantial evidence, but requires that, in order to convict a defendant, you must be convinced of his or her guilt beyond a reasonable doubt, based upon all the evidence in the case. When the defense relies on circumstantial evidence, however, you should not and are not to hold the defense to proving facts that convince you beyond a reasonable doubt of their existence. Defendants in a criminal trial are never obligated to prove any facts beyond a reasonable doubt.

**M.**     **"Inference" Defined**

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that you know exists. There are times when different inferences can be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies ask you to draw another. It is for you, and you alone, to decide what inference you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Each juror must be guided by his or her own sense of whether an inference is justified or reasonable under all of the circumstances presented. Each juror should carefully weigh what inferences, if any, to draw from the evidence that has been presented.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the defendants' guilt beyond a reasonable doubt before you may convict him or her.

14

**N.      Specific Investigation Techniques Not Required**

You also are instructed that there is no legal requirement that the Government use any specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Nor is it your concern if and why certain persons have not been arrested and convicted. Your concern is to determine whether or not, based upon all the evidence in the case, the Government has proven beyond a reasonable doubt that Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and/or Mr. Jefferies are guilty. In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. You may consider, however, the fact that the Government did not use certain investigative techniques or exhaustively pursue every piece of information in determining whether the Government has met its burden of proof.

**O.      Evaluating the Evidence**

It must be clear to you by now that you are being called upon to resolve various factual issues. You now will have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

You have had an opportunity to observe all of the witnesses. It is now your job to decide how credible each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony, or did he or she contradict him or herself? Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?

In making that decision, you may also consider:

The witness's opportunity to observe the events he or she described.

The witness's intelligence and memory.

The witness's bearing and/or demeanor while testifying.

Whether the witness has any interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case. Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth or give you something other than a completely accurate account of the facts to which he or she testified? In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that witnesses may have towards the defendant. Evidence that a witness is biased, prejudiced, or hostile requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny. This is not to suggest that every witness

16

who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**P.** **Variance in Dates & Locations**

It does not matter if a specific violation is alleged to have occurred on or about a certain date and the evidence indicated that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged and the dates established by the evidence. The same goes for most of the other factual contentions.

Thus, it is not necessary for the Government to prove the exact date, time, or location specified in the charges.

**Q.** **Stipulations**

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given to that testimony.

**R.** **Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against a defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the

17

conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

Nevertheless, as I instructed you earlier during the trial, I am now further instructing you on what statements can and cannot be considered evidence in your deliberations. You are to follow these instructions regardless of what you heard during the course of the trial.

As to the Count One conspiracy, statements made by Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Garcia-Hernandez, and [confidential source] before September 27, 2019 allegedly made in furtherance of the Count One conspiracy, are only admissible against the Defendant who made the statement. Statements made by Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Garcia-Hernandez, and [confidential source] after September 27, 2019 are admissible, but only are to be considered in your deliberations as to the Count One conspiracy as they relate to the charges in Count One against Mr. Wallace Best, Mr. Thomas, and Mr. Cox.

As to the Count Two conspiracy, statements made by Mr. Wallace Best, Mr. Thomas, Mr. Frank Best, and Mr. Jefferies allegedly made in furtherance of the Count Two conspiracy are admissible against each of these Defendants. But statements between [confidential source] and Mr. Wallace Best allegedly made in furtherance of the Count Two conspiracy are not admissible against Mr. Thomas, Mr. Frank Best, and Mr. Jefferies. Statements between [confidential source] and Mr. Wallace Best allegedly made in furtherance of the Count Two conspiracy are admissible only against Mr. Wallace Best. Any statements made by Mr. Tomasz Turowski are not admissible against Mr. Wallace Best, Mr. Thomas, Mr. Frank Best, and Mr. Jefferies. However, any statement made by

18

Mr. Frank Best to Mr. Turowksi are admissible, but are admissible only against Mr. Frank Best.

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracies charged in Counts One or Two, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is true even if such acts were done and statements were made in his absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

**S.**     **Cooperating Witness Testimony**

The law allows the use of the testimony of a cooperator.

Counsel have argued about the cooperating witness and whether or not you should believe them. I have given you some general considerations on credibility, and I will not repeat them all here. However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

You should ask yourselves whether a cooperating witness would benefit more by lying, or by telling the truth. Was the witness's testimony made up in any way because he believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did he believe that their interests would be best served by testifying truthfully? If you believe that a cooperating witness was motivated by hopes of personal gain, was the motivation one which would cause him

to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion, and you may give it such weight, if any, as you believe it deserves.

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give to a cooperating witness.

### T.   **Admission of a Defendant**

There has been evidence that certain defendants made statements that the Government claims admitted certain facts necessary to prove the charge against that defendant.

In deciding what weight to give a defendant's statements, you should first examine with great care whether each statement was made and whether, in fact is was voluntarily and understandingly made. I instruct that you are to give the statements such weight as you feel they deserve in light of all the evidence.

### U.   **Knowledge, Willfulness, Intent**

Knowledge, willfulness, and intent involve the state of a person's mind. This is a fact you are called upon to decide.

Wherever the words "knowingly," "willfully," or "intentionally" appear in these instructions, you should associate with them the following definitions, in addition to any specific statutory definitions upon which you are later instructed.

20

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies acted knowingly may be proven by their conduct and by all of the facts and circumstances surrounding the case.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Before you can find that Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and/or Mr. Jefferies acted intentionally, you must be satisfied beyond a reasonable doubt that they acted deliberately and purposefully. That is, Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and/or Mr. Jefferies's acts must have been the product of their conscious objective rather than the product of a mistake or accident.

## V.    Testimony of Law Enforcement Witnesses

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local Government as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that this testimony may be affected by a personal or professional bias or interest in the outcome of the case. Evidence that a witness is biased, prejudiced, or hostile toward the defendants requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

21

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## W.    Uncontradicted Testimony

The fact that one party called more witnesses or introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses. You also are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what in fact occurred.

You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon reason, common sense, and experience.

## X.    Defendants' Decision Not to Testify

The defendants did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence in his defense, because it is the Government's burden to prove his guilt beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may attach no significance to the fact that the defendants did not testify. You are not to speculate as to why they did not testify or about what they might have said if they had elected to testify. No adverse inference may be drawn by you because they did not take the witness stand.

22

You may not consider this against the defendants in any way in your deliberations in the jury room. You are to confine your deliberations exclusively to the question of whether or not—on the evidence actually before you—the Government has established their guilt beyond a reasonable doubt.

### Y.  Persons Not on Trial

You have heard testimony that other individuals have been involved with one or more of the same charges which the defendants face in this case. You also have seen and heard evidence about Tomasz Turowski, who is no longer on trial. You may not draw any inference, favorable or unfavorable, towards the Government or any defendant, from the fact that certain persons are not on trial before you or not charged in this case. That these persons are not on trial must play no part in your deliberations.

### Z.  Expert Testimony

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. In weighing the expert's testimony, you also should consider any bias, motive, or interest in the outcome of this case you may find such expert may have. You may give the opinion testimony whatever weight, if any, you find it deserves, in light of all the evidence in this case. You should not, however, accept expert

testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment, and common sense.

The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you, the jury, may decide to accept all, some, or none of the testimony of any expert witness. If you decide that an opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

### AA.  <u>Impeachment of Witnesses</u>

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive duty to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credit you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and whether that explanation made sense to you.

### BB.  <u>Impeachment by Felony Conviction</u>

You have heard the testimony of witnesses who were previously convicted of a crime,

punishable by more than one year in jail. These prior convictions were put into evidence for you to consider in evaluating the witness's credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

### CC.    **Impeachment by Prior Inconsistent Statement**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness, and not to establish the truth of these earlier statements made somewhere other than here during this trial. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### DD.    **Voice Identification**

One of the issues in this case is the voice identification of the defendants. It is not essential that the witness himself be free from doubt as to the correctness of his identification of the defendant. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may find that the voice on a telephone call is that of the defendant. If you are not convinced beyond a reasonable doubt that one of the defendants identified was the person on the telephone call, then the Government has not proven that he was.

Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to hear the defendant and to make a reliable voice identification of that defendant. In addition, you should consider the credibility of the identification witness just as you would any other witness.

### EE.    **Wiretaps, Recordings, and Transcripts of Recordings**

During this trial, you heard recordings of telephone conversations, of in-person conversations, and saw text communications. These conversations were recorded without the knowledge of the defendants, by the Government either with the consent and authorization of a court by way of a wiretap, or with the consent and authorization of one of the parties to the conversations.  The use of these procedures to gather evidence is lawful and the Government is entitled to use such "wiretaps" and consensual recordings in this case.

Accordingly, these recordings are a proper form of evidence for this trial and may be considered by you, just as any other evidence. You are not limited to the literal words on the recordings any more than you are limited to the bald statements of witnesses: You are permitted to draw such reasonable inferences from them as you feel are justified in the light of experience. Similarly, although you can only hear but cannot see the speakers, you may consider the tone and

26

tenor of what they say as well as their literal words, as you would consider the demeanor and manner of a witness.

You also have been provided with transcripts of these recordings. These transcripts were provided to you as an aid and were not placed into evidence. The underlying audio recordings are the evidence and, if at any point during your eventual deliberations you want to hear any of the recordings, they will certainly be made available for you to do so.

As with all other evidence, you and you alone must decide what weight, if any, to give the tape recordings of the telephone conversations.

**FF.**   **Charts and Summaries**

During its closing argument, the Government may present charts or summaries. The chart or summary is not itself evidence. It is for you to decide whether the chart or summary correctly presents the information. You are entitled to consider the charts or summary if you find that it is of assistance to you in analyzing the evidence and understanding the evidence.

**PART II: THE CHARGES**

A.   **The Nature and Function of Charges**

Mr. Wallace Best faces two separate criminal charges: one criminal charge of conspiracy to possess with intent to distribute heroin and fentanyl; and one criminal charge of conspiracy to distribute and to possess with intent to distribute heroin, fentanyl, and cocaine base/crack cocaine.

Mr. Thomas faces two separate criminal charges: one criminal charge of conspiracy to possess with intent to distribute heroin and fentanyl; and one criminal charge of conspiracy to distribute and to possess with intent to distribute heroin, fentanyl, and cocaine base/crack cocaine.

Mr. Cox faces one criminal charge: conspiracy to possess with intent to distribute heroin and fentanyl.

Mr. Frank Best faces six separate criminal charges: one criminal charge of conspiracy to distribute and to possess with intent to distribute heroin, fentanyl, and cocaine base/crack cocaine; three criminal charges of possession with intent to distribute and distribution of heroin; one criminal charge of possession with intent to distribute and distribution of fentanyl; and one criminal charge of possession with intent to distribute and distribution of heroin and cocaine base/crack cocaine.

Mr. Jefferies faces one criminal charge: conspiracy to distribute and to possess with intent to distribute heroin.

Each count charges Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies with different crimes. You must consider each count separately and return a separate verdict of guilty or not guilty for each count.

In a moment, I will explain to you the elements of the offenses with which the defendants are charged. Before that, however, I remind you that the fact that Mr. Wallace Best, Mr. Thomas,

28

Mr. Cox, Mr. Frank Best, and Mr. Jefferies have been charged is not, and may not be considered to be, evidence supporting any of the elements of these offenses.

Criminal charges are just a formal accusation and can in no sense be considered as proof in the slightest degree of the defendant's guilt. As jurors, you should not permit yourselves to be influenced in any way against Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies because of, or on account of, these criminal charges or because Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies have to stand trial here. That Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies have been accused and are on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies are more likely to be guilty than innocent.

### B.   COUNTS ONE AND TWO

Count One charges Mr. Wallace Best, Mr. Thomas, and Mr. Cox with conspiracy to possess with the intent to distribute 1 kilogram or more of a mixture or substance containing detectable amount of heroin, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl.

Specifically, Count One charges that:

1. From approximately February 2019 through February 2020, in the District of Connecticut and elsewhere, Mr. Wallace Best, Mr. Thomas, and Mr. Cox and others knowingly and intentionally conspired together and with one another to possess with intent to distribute controlled substances, contrary to the provisions of Title 21, United States Code, Section 841(a)(l).

29

2. The object of the conspiracy with respect to the Mr. Wallace Best, Mr. Thomas, and Mr. Cox was the possession with intent to distribute heroin, a Schedule I controlled substance, and N-phenyl-N-[ 1-(2-pheny lethey 1)-4-piperidiny 1] propenamide ("fentanyl"), a Schedule II controlled substance.

3. Mr. Wallace Best, Mr. Thomas, and Mr. Cox knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841 (b )(1 )(A)(i), and 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyletheyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(A)(vi).

4. All in violation of Title 21, United States Code, Section 846.

Count Two charges Mr. Wallace Best, Mr. Thomas, Mr. Frank Best, and Mr. Jefferies with conspiracy to distribute and to possess with the intent to distribute an unidentified amount of a mixture or substance containing detectable amount of heroin, fentanyl, and cocaine base/crack cocaine.

Specifically, Count Two charges that:

1. From approximately February 2019 and continuing until approximately February 2020, in the District of Connecticut and elsewhere, Mr. Wallace Best, Mr. Thomas, Mr. Frank Best, and Mr. Jefferies, and others, knowingly and intentionally conspired together and with one another to distribute, and to possess with the intent to distribute, controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(l).

2. The object of the conspiracy with respect to Mr. Wallace Best, Mr. Thomas, and Mr. Frank Best was the possession with intent to distribute heroin, a Schedule I controlled substance, and fentanyl, and cocaine base/crack cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C).

3. The object of the conspiracy with respect to Mr. Jefferies was the possession with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

4. All in violation of Title 21, United States Code, Section 846.

31

## STATUTES DEFINING THE OFFENSES

The relevant statutes on this subject are Title 21, United States Code, Sections 841(a)(1) and 846. Title 21, United States Code, Section 841(a)(1) provides, in pertinent part, that "it shall be unlawful for any person knowingly or intentionally . . . to possess with intent to . . . distribute . . . a controlled substance."

Section 846 of Title 21 of the United States Code makes it unlawful to conspire to commit such an offense. Section 846 of Title 21 of the United States Code provides, in pertinent part, that "[a]ny person who . . . conspires to commit any offense defined in [Title 21 of the United States Code] . . . [shall be guilty of a crime against the United States]."

In Count One, Mr. Wallace Best, Mr. Thomas, and Mr. Cox are charged only with conspiracy to possess with intent to distribute heroin and fentanyl, not with the separate underlying crimes of distribution of controlled substances or possession with intent to distribute the controlled substances.

In Count Two, Mr. Wallace Best, Mr. Thomas, Mr. Frank Best, and Mr. Jefferies are each charged with conspiracy to distribute and possess with intent to distribute controlled substances; specifically, as to Mr. Wallace Best, Mr. Thomas, and Mr. Frank Best, heroin, fentanyl, and cocaine base/crack cocaine; and as to Mr. Jefferies, heroin. Count Two charges a drug conspiracy but does not charge the defendants with the separate underlying crimes of distribution of controlled substances or possession with intent to distribute the controlled substances.

You are instructed, as a matter of law, that any substance containing a detectable amount of heroin is a Schedule I controlled substance, that any substance containing a detectable amount of fentanyl is a Schedule II controlled substance, and that any substance containing a detectable amount of cocaine base/crack cocaine is a Schedule II controlled substance.

32

## PURPOSE OF THE STATUTE

In this case, Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies are accused of having been members of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendants guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime that was the object of the conspiracy was not actually committed. Moreover, you may find the defendants guilty of conspiracy despite the fact that he did not commit the substantive crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

## **ELEMENTS OF THE OFFENSE**

In order to sustain its burden of proof for the crime charged in Counts One and Two, the Government must prove the following essential elements beyond a reasonable doubt:

<u>First</u>: that the conspiracy alleged in Counts One and Two existed; that is to say, two or more persons entered into an unlawful agreement to possess with intent to distribute, and to distribute, controlled substances.

<u>Second</u>: that the defendants knowingly and willfully became members of the conspiracy and shared a unity of purpose to achieve the conspiracy's objective.

If you find that the Government has proven the first and second elements above beyond a reasonable doubt, then you will be asked to consider a third question with respect to the Count One conspiracy only: whether the defendants knew and reasonably should have foreseen that the conspiracy involved the mixtures and substances containing the amounts of heroin and fentanyl charged in Count One.

I will now define these elements in more detail.

## **FIRST ELEMENT – CONSPIRACY DEFINED**

The first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreements charged.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together or entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme, or the means by which it was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. However, since a conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

## MULTIPLE CONSPIRACIES

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contract, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of separate and independent conspiracies is not proof of a single, overall conspiracy, unless one of the conspiracies proved happens to be the specific conspiracy charged.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel by the termination, withdrawal, addition of new members, or activities, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purposes charged. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracies charged did not exist, you cannot find any defendant guilty of a single conspiracy charged. This is so even if you find that some conspiracy other than the ones charged existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged, then you must acquit the defendant of the conspiracy charged.

Therefore, what you must do is determine whether the conspiracy charged existed. If it did, you then must determine the nature of the conspiracy and who were its members.

36

## <u>SECOND ELEMENT – MEMBERSHIP IN THE CONSPIRACY</u>

The second element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that any defendant had such an interest, that is a factor that you may properly consider in determining whether or not they were a member of the conspiracy charged.

As I mentioned a moment ago, before any defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have

37

known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Without more, the mere existence of a buyer-seller relationship is insufficient to establish

38

membership in a conspiracy. In deciding whether parties to a sale of narcotics are merely buyer and seller or instead are coconspirators, the jury may properly consider a number of factors, including the length of time that the buyer affiliated with the seller, whether there was a common goal among the parties to advance the conspiracy's interests, whether there was an agreement or understanding to redistribute drugs, the established method of payment, the extent to which the transactions were standardized, the quantities of drugs involved and whether there was a mutual trust between the buyer and seller. None of these factors is dispositive, nor is this listing intended to be exhaustive. In the end, the jury must determine whether on the basis of all of the evidence, the Government has proved beyond a reasonable doubt that the Defendant under consideration knowingly and willingly entered into an agreement or understanding with one or more persons to accomplish the goals of the charged conspiracy.

I also want to caution you that a defendant cannot be a member of a conspiracy if that conspiracy consisted solely of government agents or informants. However, the presence of a government agent or informant does not destroy a conspiracy where at least two of the persons involved are private individuals.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement— that is to say, a conspirator.

## QUANTITY

If you find that the Government has proven the two elements of Counts One necessary to prove a conspiracy, you separately must determine the quantity or weight of the substance containing the specific narcotic at issue that the Government has proven can be attributed to their involvement in the charged conspiracy.

When finding the weight or quantity that the Government has proven, beyond a reasonable doubt, is attributable to a defendant for a charged conspiracy, you need not find the weight or quantity of pure narcotic. Instead, you should find the quantity of substances containing a detectable amount of narcotic attributable to the defendant for the charged conspiracy. Quantities of narcotics are attributable to a defendant if the defendant reasonably should have foreseen the quantity and type of substance involved in the overall conspiracy. When determining the quantity of narcotic that was "reasonably foreseeable" to each defendant in connection with the conspiracy, it is proper to consider the amount of narcotic involved in the overall conspiracy, so long as you determine that the defendant knew or should have known what those quantities were.

The Government must prove beyond a reasonable doubt that it was reasonably foreseeable to each defendant that the conspiracy involved the particular quantity of narcotic charged. Although you may draw reasonable inferences from the facts presented concerning the quantity or weight of narcotics attributable to a specific defendant, you may not engage in guesswork or speculation.

When making your determination about the quantity of narcotics involved, you must reach a unanimous decision. If you have unanimously found that the Government has proven beyond a reaonable doubt the first two elements of Counts One, that the Government has proven beyond a reasonable doubt that there was a conspiracy, and you separately unanimously agree that the

defendant should have reasonably foreseen the quantity of controlled substance charged in the particular count, then you should return a verdict of guilty on Counts One, and answer the quantity question on the Verdict Form accordingly.

**Buyer-Seller Exception**

Although the illegal sale of narcotics is a substantive crime requiring an agreement between two or more persons, an agreement for the sale or purchase of drugs does not establish the existence of a conspiracy between the buyer and seller. Without more proof than that, a buyer-seller relationship is not a basis to show that the buyer was a knowing and willful participant in the drug trafficking conspiracy alleged in the indictment. The typical buyer-seller relationship, involving the purchase of quantities of drugs for personal use, does not establish that the buyer and seller were either aware of or agreed to participate in a larger drug conspiracy. It would, therefore, be improper to infer that a defendant was a member of the charged conspiracy merely if you find he bought drugs from one of the other co-defendants. Likewise, any statements made by a defendant indicating that he bought drugs from one or more of the alleged co-conspirators are, by themselves, not enough to show that a defendant was a member of a conspiracy to distribute drugs.

Only where there is additional evidence showing beyond a reasonable doubt an agreement between a defendant and a co-defendant to accomplish an objective of the conspiracy beyond sale transactions, may you find that he knowingly and intentionally participated in a conspiracy, that is an agreement to sell narcotics. So, for example, if the evidence convinced you there was advanced planning between a defendant and a seller to deal in large quantities of drugs not intended for personal use, then you may infer from that evidence that the buyer has joined the seller's distribution conspiracy.

You must examine the specific circumstances of the buyer-seller relationship to determine whether these circumstances establish an agreement to participate in a distribution conspiracy. You may look, for example, to whether there was prolonged cooperation between the buyer and seller,

42

level of mutual trust, standardized dealings, and the quantity of drugs involved in the transaction.

No single factor will be dispositive.

### C.    COUNTS THREE, FOUR, FIVE, SIX, AND SEVEN

In Counts Three, Four, Five, Six, and Seven, Mr. Frank Best also is charged with possession with intent to distribute and distribution of mixtures and substances containing detectable amounts of heroin, fentanyl or cocaine base/crack cocaine. Specifically:

1. As to Count Three, on or about February 26, 2019, in the District of Connecticut, Mr. Frank Best knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. In violation of Title 21, United States Code, Sections 841(a)(l) and 84l(b)(l)(C).

2. As to Count Four, on or about March 7, 2019, in the District of Connecticut, Mr. Frank Best knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II controlled substance. In violation of Title 21, United States Code, Sections 841(a)(l) and 84l(b)(l)(C).

3. As to Count Five, on or about March 14, 2019, in the District of Connecticut, Mr. Frank Best knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. In violation of Title 21, United States Code, Sections 841(a)(l) and 84l(b)(l)(C).

4. As to Count Six, on or about March 21, 2019, in the District of Connecticut, Mr. Frank Best knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a

Schedule I controlled substance. In violation of Title 21, United States Code, Sections 841(a)(l) and 84l(b)(l)(C).

5. As to Count Seven, on or about June 4, 2019, in the District of Connecticut, Mr. Frank Best knowingly and intentionally possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and cocaine base/crack cocaine, a Schedule II controlled substance. In violation of Title 21, United States Code, Sections 841(a)(l) and 84l(b)(l)(C).

## STATUTE DEFINING THE OFFENSE

The relevant statute on this subject is Title 21, United States Code, Section 841(a)(1), which provides:

> "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."

**<u>PROOF OF NATURE OF THE CONTROLLED SUBSTANCE</u>**

You are instructed as a matter of law that any substance containing a detectable amount of cocaine base/crack cocaine is a Schedule II controlled substance, any mixture and substance containing a detectable amount of heroin is a Schedule I controlled substance, and any mixture and substance containing a detectable amount of fentanyl is a Schedule II controlled substance. In other words, heroin, fentanyl, or cocaine base/crack cocaine are "controlled substances" under the statute to which I have just referred.

You must ascertain whether the materials in question in Counts Three, Four, Five, Six, and Seven were in fact a mixture and substance containing a detectable quantity of heroin, fentanyl, or cocaine base/crack cocaine. In doing so, you may consider all the evidence in the case which may aid the determination of that issue, including stipulation of the parties. The Government may prove the nature of the controlled substances through either direct evidence or through circumstantial evidence.

## ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of possession of a controlled substance with intent to distribute and distribution of heroin, fentanyl, or cocaine base/crack cocaine as charged in Counts Three, Four, Five, Six, and Seven, the Government must prove the following essential elements beyond a reasonable doubt:

<u>First</u>: that Mr. Frank Best possessed a mixture or substance containing a detectable amount of a controlled substance;

<u>Second</u>: that Mr. Frank Best knew that he possessed a controlled substance; and

<u>Third</u>: that Mr. Frank Best possessed these substances with the intent to distribute them.

It is not necessary for you to be convinced that Mr. Frank Best actually delivered the controlled substance to someone else, or that he made any money out of the transaction. It is enough for the Government to prove, beyond a reasonable doubt, that he had in his possession what he knew was a controlled substance in violation of the statute and that he intended to transfer it, or some of it, to someone else.

Likewise, the Government is not required to prove the specific amount or quantity of the controlled substance involved in the offense. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of heroin, fentanyl, or cocaine base/crack cocaine.

 I will now define these elements in more detail.

## FIRST ELEMENT – POSSESSION DEFINED

To find Mr. Frank Best guilty of possession with the intent to distribute and distribution of a controlled substance as charged in Counts Three, Four, Five, Six, and Seven, the Government must prove beyond a reasonable doubt that Mr. Frank Best possessed the drugs charged.

Actual possession is what most of us think of as possession; that is, having physical custody or control of an object. For example, if you find that the defendant had the heroin, fentanyl, or cocaine base/crack cocaine on his person, you may find that he had "possession" of the respective controlled substance. However, a person need not have actual physical custody of an object to be in legal possession of it. If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item. An example of this from everyday experience would be a person's possession of items he keeps in a safe deposit box at a bank or at a storage facility. Although the person does not have physical custody of those items, he exercises substantial control over them and so has legal possession of them.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that Mr. Frank Best had such power and intention, then he possessed the controlled substance under this element, even if he possessed it jointly with another person. Proof of ownership of the controlled substance is not required. If you find that Mr. Frank Best had actual possession of the controlled substance, or that he had the power and intention to exercise control over it, even though it was not in Mr. Frank Best's physical possession, you may find that the Government has proved possession.

## SECOND ELEMENT – KNOWLEDGE THAT THE DRUGS WERE NARCOTICS

The Government also must prove beyond a reasonable doubt the second element: Mr. Frank Best knew that he possessed a controlled substance or knew that he distributed a controlled substance. Although the Government must prove that Mr. Frank Best knew that he possessed or distributed a controlled substance, the Government does not have to prove that Mr. Frank Best knew the exact nature of the drugs in his possession. It is enough that the Government proves that Mr. Frank Best knew he possessed some kind of narcotic or controlled substance.

Your decision on whether Mr. Frank Best knew that he possessed or distributed a controlled substance involves a decision about his state of mind. It is obviously impossible to prove directly the operation of a defendant's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what his state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

For example, if a defendant was the sole occupant of a residence or a vehicle, it is reasonable to conclude that the defendant knew about items in the residence or vehicle. The defendant's behavior may also indicate knowledge. Nervousness in the presence of the drugs or flight from the site at which authorities have identified drugs may indicate that the defendant knew that the material in question was cocaine base/crack cocaine, heroin, or fentanyl as charged in Counts Three, Four, Five, Six, and Seven. Also, the possession of a large quantity of drugs may indicate that the defendant knew what he had in his possession. These examples are neither

51

exhaustive nor conclusive. It is up to you, based on all the evidence, to determine whether Mr.

Frank Best knew that he possessed a controlled substance for each count charged.

## <u>THIRD ELEMENT - INTENT TO DISTRIBUTE OR DISTRIBUTION</u>

In the third element, the Government must prove beyond a reasonable doubt that Mr. Frank Best intended to distribute or did distribute the controlled substances. In order to prove Mr. Frank Best guilty, the Government must prove that Mr. Frank Best intended to distribute these substances beyond a reasonable doubt.

The phrase "distribute[] controlled substances" means to deliver narcotics. "Deliver" is defined as the actual, constructive, or attempted transfer of narcotics. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to pass on or hand over to another.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating the purchase, receiving the purchase money, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer or intended transfer of drugs.

Since you cannot read the defendant's mind, you must make inferences from his behavior and the circumstances. You may consider the amount or quantity of drugs involved in determining the defendant's intent to distribute. However, you may not convict Mr. Frank Best unless these inferences convince you beyond a reasonable doubt that Mr. Frank Best intended that the narcotics be distributed.

Basically, what you are determining is whether the cocaine base/crack cocaine, fentanyl, and heroin relevant to Counts Three, Four, Five, Six, and Seven was for the defendant's personal use or for the purpose of distribution.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

At this point, I will pause with these instructions, and provide an opportunity for the various counsel to make their closing arguments to you. Once they are finished, I will have some final instructions for you. Please remember, as I have instructed you throughout, that the arguments of the various lawyers are not evidence.

# PART III: FINAL INSTRUCTIONS

## A.    Possible Punishment

The question of the possible punishment of the defendants is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine whether or not any defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon any defendant, if any or none are convicted, to influence your verdict in any way or to enter into your deliberations in any sense.

## B.    Note Taking

You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.  Your notes are not evidence and should not be shared. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record, rather than any juror's notes, upon which the jury must base its determination of the facts and its verdict.

### C.   Unanimous Verdict

I remind you that the Government, in order to prevail, must prove all of the essential elements beyond a reasonable doubt, as I have already explained in these instructions. If the Government has proven all of the elements of a charge, your verdict should be "guilty"; if the Government has not proven all of the elements of a charge, your verdict should be "not guilty."

In order to return a verdict against Mr. Wallace Best, Mr. Thomas, Mr. Cox, Mr. Frank Best, and Mr. Jefferies, it is necessary that each juror agree with it. Your verdict, in other words, must be unanimous and represent the considered judgment of each juror. Your function is to weigh the evidence in the case and determine whether or not any defendants are guilty, solely upon the evidence. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. That is the very purpose of jury deliberations—to discuss and consider the evidence; to listen to the views of other jurors; to present your individual views; to consult with one another and to reach an agreement based solely and wholly on the evidence, if you can do so without violence to your own individual judgment. Until a verdict is agreed to by each juror, the verdict is not unanimous.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. You should not surrender your honest convictions, however, about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. If, after carefully considering all the evidence and the arguments of

your fellow jurors, you entertain a conscientious view that differs from the others, you are not to change your views simply because you are outnumbered or merely to bring an end to the deliberations. Your final vote must reflect your conscientious conviction as to how the issues should be decided. Remember at all times that you are not a partisan; rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

**D.      Additional Instructions**

When you return to the jury room, you should first elect one person to act as your foreperson. The foreperson does not have any more power or authority than any other juror, and his or her opinion does not count for any more than any other juror's vote or opinion. The foreperson merely presides over your deliberations and is your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Court Marshal that the jury has reached a verdict and you will come out into open court and give the verdict.

After you have retired to begin your deliberations, you are not to leave your jury room without first notifying the Court Marshal, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must cease deliberations and not recommence deliberations until all jurors are present. It is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself but should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

Remember that your verdict must be unanimous as to each charge and to each question on the Verdict Form. That does not mean that if the jury takes a vote and it is not unanimous, the jury has reached a final decision one way or another. If at any time the jury does take an inconclusive vote—a vote that is not unanimous—the jury's vote is just that: inconclusive.

Remember also that your verdict must be based solely on the evidence in the case and the

58

law as I have given it to you, and not on anything else. Closing arguments or other statements or arguments of counsel are not evidence. If your recollection differs from the way counsel has stated the facts, then your recollection controls.

The Verdict Forms have been prepared for your convenience. Focusing on the Verdict Forms will assist you in your deliberations. You must complete and return the Verdict Forms in court when you have reached a unanimous agreement as to your verdict. You will be asked to answer the questions in the order in which they appear on the forms, and each answer must be unanimous.

When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers and date and sign the Verdict Forms. If the foreperson makes any error in completing the Verdict Forms, please do not strike out the error and add a correct response. Instead, please request a new Verdict Form, so that the Verdict Forms that are submitted are error-free. Then inform the Court Marshal that you have reached a verdict. The Verdict Forms must be used only in connection with the charge I have just given to you. The terms used in the Verdict Forms are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the Verdict Forms.  As you will see when you retire to the jury room, the forms consist of a series of questions. Each question calls for a check mark or an "X."  Answer each question as it appears and only those questions. Please read all instructions and follow them carefully.

When you go into the jury room to begin your deliberations, you will have all the exhibits with you. Do not begin your deliberations until all the other exhibits have been provided to you. You will not have a transcript of the testimony. If you need to have testimony read back to you,

we will arrange for that to happen. If you require a read-back, please be as specific as possible about the portions of the testimony you want to hear.

Your requests for a read-back of testimony and any communication with the Court must be made to me in writing, signed by your foreperson, and given to the Court Marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally. Please be patient, as it may take us some time to locate the portion of testimony that you would like read back.

I also must caution you that in your communications with the Court you should never reveal the numerical division of your votes at any time.

It is proper to add a final caution. Nothing that I have said in these instructions and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility. Take as long as you think necessary to fairly and impartially reach your verdict. Do not hurry your deliberations—render your verdict fairly, uprightly, and without a scintilla of prejudice.

Members of the jury, that concludes my instructions to you. Thank you for your patience and attention. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you. In this regard, I will ask you not to discuss the case while seated in the courtroom because the case has not yet been formally submitted to you.

\*   \*   \*   \*   \*   \*

At this time, it is my responsibility to excuse the alternate jurors who have sat dutifully through the trial. The rules of the Court require that the deliberations in criminal cases are only among twelve jurors. We select alternate jurors in case one of the twelve regular jurors is unable to continue as a juror. One of those regular jurors, juror 12, is no longer able to continue. So, juror 13 will be the twelfth member of the jury. And, for now, the alternate jurors will be separately sequestered and alternate jurors 14–16 may now go to the jury room to retrieve their belongings and then will be directed to their assigned space.

\*   \*   \*   \*   \*   \*

Members of the jury, the Clerk will now escort you to the jury room where you will begin your deliberations.